The Honorable Knox Nelson State Senator P.O. Box 5715 Pine Bluff, AR 71611
Dear Senator Nelson:
This is in response to your February 25, 1988 request for an opinion on the following question:
 Whether a Municipal Judge elected county wide is the elected Municipal Judge for all Municipal courts within the county.
While it appears that the municipal court has county-wide jurisdiction [see Section 4 of Act 431 of 1987, codified at A.C.A. 16-17-206 (Supp. 1987)], we find no legislative authority for the proposition that a municipal judge elected county-wide is the judge for all municipal courts within the county.
Section 1 of Act 90 of 1987, codified at A.C.A. 16-17-120 (Supp. 1987), should be noted with respect to the county-wide election of municipal judges. Section 16-17-120(a) states as follows:
 The governing body of any city in which a municipal court has been created or is hereafter created under the provisions of subchapter 2 of this chapter, [Act 60 of 1927, as amended] or any other general law authorizing or providing for the establishment of a municipal court, may by ordinance provide that the judge of that court shall thereafter be elected by the electors of the entire county or, in the event the county is divided into two (2) judicial districts, by the electors of the judicial district in which the municipality creating the court is located.
While provision is therefore made for a county-wide election, and while it seems clear that the municipal judge has county-wide jurisdiction, the legislature has not expressed its intent for the judge to serve all municipal courts within the county. On the contrary, various provisions authorizing the creation of municipal courts clearly envision the election or appointment of a judge for each court. See A.C.A. 16-17-207, 16-17-303, 16-17-503. Consideration should, however, be given to A.C.A. 16-17-101 which authorizes agreements between cities with respect to one municipal judge serving other courts. This is a discretionary provision applicable to cities within the same county who enter into an agreement "whereby the judge of the municipal court elected to serve the municipal court of one (1) of the cities or towns may serve as the judge of the municipal court established in each of the other agreeing cities or towns." 16-17-101(a).
It is therefore my opinion, based upon the foregoing, that while provision may be made for the municipal judge to serve more than one court, a municipal judge elected county-wide does not generally serve all of the courts within the county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ljm